IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-84-2BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ERIC DION LATHAM, ) | |
| a/k/a "E" ) | |
| ) | |

This matter is before the Court on defendant's motions to dismiss count eleven due to duplicity [DE 120], to dismiss for double jeopardy violation [DE 121], and to sever [DE 122]. Defendant's motion to dismiss count eleven due to duplicity is DENIED, the motion to dismiss for double jeopardy violation is DENIED, and the motion to sever is DENIED.

## BACKGROUND

On July 2, 2012, defendant was charged with five counts of a twelve-count indictment. Those charges included: conspiracy to knowingly and intentionally distribute cocaine base (crack), distribution of cocaine base and aiding and abetting others in the distribution of cocaine base, and being a felon in possession of a firearm. Additionally, defendant was charged in count eleven of the indictment, which read:

> On or about April 3, 2012, in the Eastern District of North Carolina, the defendants, CEDRIC QUENTIN GREENE, also known as "Ced," and ERIC DION LATHAM, also known as "E," did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, as charged in Count Nine of this Indictment, and did possess said firearm in furtherance of said crime, and did aid and abet each other in so doing, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2. [DE 1]

On October 4, 2012, defendant filed the instant motions with this Court. Defendant seeks to dismiss two of the counts charged against him and seeks to have his trial severed from the trials of his co-defendants to prevent prejudice.

I. DEFENDANT'S MOTION TO DISMISS FOR DOUBLE JEOPARDY VIOLATION IS DENIED.

"A conspiracy is a distinct crime from the overt acts that support it." *United States v. Ambers*, 85 F.3d 173 (4th Cir. 1996). Accordingly, the Supreme Court has held that the prosecution of a defendant for conspiracy where the overt acts alleged by the government also constitute separately charged substantive offenses does not offend the constitutional prohibition against double jeopardy. *See United States v. Felix*, 503 U.S. 378, 390-92 (1992).

Here, the defendant claims that double jeopardy bars the government from prosecuting the defendant for conspiracy while also prosecuting him for substantive offenses that resulted from that conspiracy. This simultaneous prosecution was condoned by the Supreme Court in *Felix*. As such, the defendant's motion to dismiss for double jeopardy violation must be denied.

II. DEFENDANT'S MOTION TO SEVER IS DENIED.

Federal Rule of Criminal Procedure Rule 8(b) states that joinder of defendants is permissible "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." It is presumed that defendants who are indicted together will also be tried together. *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Severance is only warranted when "there is a serious risk that a joint trial would compromise a specific trial right of on or the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. 534, 539. The *Zafiro* court also noted that severance may be

appropriate where co-defendants will be presenting "mutually antagonistic" defenses. *Id.* at 537. Severance will not be granted where the defendant merely asserts that a separate trial would offer a better chance of his acquittal. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995).

Here, defendant argues that his trial should be severed from the trials of his co-defendants because the jury will not be able to decipher the extent of his relationship with his co-defendants. In every trial of more than one defendant the jury may be asked to determine the nature and extent of the relationships between the co-defendants. Sometimes this inquiry may be challenging, but in and of itself it rarely creates the type of serious risk contemplated by the Supreme Court in *Zafiro*. Here, the defendant fails to point to a specific piece of evidence or defense theory that would lead to such a serious risk or mutual antagonism. Moreover, defendant failed to cite any case law supporting his motion to sever. Because no serious risk of prejudice is created by the joinder of defendants' trials in this matter, defendant's motion to sever is denied.

### III. DEFENDANT'S MOTION TO DISMISS COUNT ELEVEN DUE TO DUPLICITY IS DENIED.

"'Duplicity' is the joining or two or more distinct and separate offenses in a single count." 1 Wright, FEDERAL PRACTICE AND PROCEDURE § 142 (2d ed. 1982). Duplicity is avoided because it does not allow the jury to convict on one offense and acquit on another offense charged in the same count. *Id.* Duplicity turns on whether a single offense or separate offenses and, therefore, is largely a question of statutory interpretation. *Id.* Here, the defendant was charged with a violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the

person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Defendant argues that count eleven of the indictment is duplicitous because § 924(c) creates two separately chargeable offenses: (1) using or carrying a firearm during and in relation to the crime, and (2) possessing a firearm in furtherance of the crime. The circuit courts are split on the issue of whether § 924(c) creates one offense or two. *Compare United States v. Gamboa*, 439 F.3d 796, 809-10 (8th Cir. 2006)(finding that separate charges for knowingly using and carrying and possessing in furtherance were appropriate), *and United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004)(finding that the statute creates two separate offenses by requiring different proof for each element), *with United States v. Haynes*, 582 F.3d 686 (7th Cir. 2009)(discussing how the separate elements contained in 924 merely illustrate the various ways in which a single offense could be committed) *abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012), *and United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006)(finding that 924 describes multiple ways in which to commit a single offense).

The Fourth Circuit has not yet addressed this issue, but § 924(c)'s legislative history is instructive. Section 924 was amended in response to the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 146-48 (1995). H.R. Rep. No. 105-344 at *6 (1997). The *Bailey* opinion set forth a narrow interpretation of § 924(c). *See Bailey*, 516 U.S. at 147. That interpretation required that "use" of a firearm be shown by establishing that the defendant "actively employed" the firearm during the commission of the crime at issue. *Id.* Following the issuance of the *Bailey* opinion there was a sharp drop off in the number of prosecutions under the

statute. H.R. Rep. No. 105-344 at *6 (1997). According to the House committee notes, the amendment was intended to "revers[e] the restrictive effect of the Bailey decision." *Id.* Congress effected that intent by adding the "possession in furtherance" language to the statute. We can infer that such intent to reverse indicated a Congressional desire for courts to return to their pre-*Bailey* interpretations of § 924, including the single-offense nature of the statute. Further, the rule of lenity requires that doubt be resolved against turning a single transaction into multiple offenses. *See United States v. Dunford*, 148 F.3d 385 (4th Cir. 1998)(quoting *Bell v. United States*, 349 U.S. 81, 81 (1955)).

Here, defendant asks this Court to recognize § 924(c) as criminalizing two separate offenses and to dismiss count eleven as duplicitous. Given the statute's legislative history and the rule of lenity, the Court declines to do so. As such, defendants motion to dismiss count eleven as duplicitous is denied.

## CONCLUSION

Defendant's motion to dismiss count eleven due to duplicity is DENIED, his motion to dismiss for double jeopardy violation is DENIED, and his motion to sever is DENIED.

SO ORDERED, this __18__ day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE